# N. Y. SUPERIOR COURT.

## WILLIAM H. BALL and others agt. MILTON A. GOODENOUGH and others.

An application for the appointment of a *receiver in supplementary proceedings*, must be made to the judge who granted the order of reference, and appointed the referee.

The order should be a chamber order and filed with the clerk of the city and county of New York; and it is only from the time the receiver receives a copy of the order, certified by the county clerk that he has any power to act at all.

The judge in such an order has no authority to direct an assignment of personal property, and can only forbid the transfer of debts owning to the judgment debtor, until the receiver can sue.

*Special Term, August,* 1869.

THE plaintiff in this case instituted supplementary proceedings against the defendants to collect a judgment recovered by them against the defendants, and for that purpose procured an order from his Honor Judge MONELL, requiring the defendants to appear and be examined concerning their property, it appears that afterwards the plaintiffs procured an order from his Honor Judge FREEDMAN, appointing a receiver of the property of the judgment debtor.

Mr. H. C. DENISON, *counsel for the judgment debtor,*

moved to vacate the order on the ground, that under the Code, Judge FREEDMAN had no power to make the order, and that Judge MONELL, who granted the original order for the examination of the judgment debtor, was the proper judge to appoint the receiver.

McCUNN, J. The rule is now settled that an application for the appointment of a receiver must be made to the judge who granted the order of reference, and who appointed

the referee to examine as to the property of the judgment debtor. No other judge out of court has the power. Such was (*Code* 298) the practice as held in the case of *Smith and another* agt. *Johnson,* (7 *How. R.,* 39). Again, the Code requires that the order should be a chamber order, and that the same must be filed with the clerk of the city and county of New York; and it is only from the time the receiver receives a copy of the order, certified by the county clerk that he has any power to act at all. The judge in an order appointing a receiver has no authority to direct an assignment of personal property; and in respect to debts owing to the judgment debtor, can only forbid any transfer or other disposition of them until an opportunity be given the receiver to sue. (*People* agt. *Hurlbert,* 5 *How. Pr. R.,* 446; 9 *N.Y. Leg. Observer,* 245.) Motion granted.